Thurman, J.
This record presents the question whether a person having a right to the possession of goods can recover the possession by an action of replevin against the general owner. The right to the action is denied upon several grounds. First, it is said that the action in Ohio is purely statutory, and that the statute gives it tó no one but the owner. The language relied on is in the first section of the act, and is as follows: “ That if any person shall wrongfully detain the goods and chattels of another, the owner, or his agent or attorney, may file a precipe,” etc.
But does this language limit the action to the general owner? We do not think so. For, first, no such limitation is expressed, and the words do not necessarily import it.
Secondly. The affidavit, which the plaintiff, or his agent or attorney, must make, is prescribed by the same section, and all that need be stated in it in regard to the plaintiff’s title is, “ that he has good right to the possession of the goods and chattels.” It is a possessory title, and not the general ownership, that must be sworn to. Ownership, without a right to the immediate possession, will not enable a man to make the affidavit, but the latter, without the former, will.
It has been uniformly decided that the gist of the action, *74 Tinder the statute, is the unlawful detention of the property. Now, it is as unlawful to detain property from him who is entitled to its possession, although he may not be the general owner, as it would be if he were such owner. And the general owner may as unlawfully detain it from a special owner having the right of possession, as may any other person.
Fourthly. If the word “ owner ” in the statute means general owner alone, then a special owner, although entitled to the possession, can not maintain the action at all, even against a mere trespasser who has no ^interest in the property. But this is clearly inadmissible. It has never been denied that a sheriff, commission merchant, landlord, or other person having a special ownership of, or lien upon property, and entitled to its possession, may resort to this action against a mere wrong-doer having no right whatever in it.
■ Lastly. To hold that the person having the right of possession, can not bring the action against the general owner, would destroy the uniformity of the law, and might, not unfrequently, result in a denial of justice and irreparable mischief. Let us suppose that an individual charters a vessel for a voyage, and after he has freighted her, or received freight upon her which he contracts to carry and deliver, the owner, in violation of his contract, takes her into possession ; how disastrous might be the result to the charterer, if he could maintain no action of replevin ? Many other as striking illustrations might be given, but it is unnecessary to do so. They will readily suggest themselves to the mind of any one who reflects upon the subject.
There are two other sections of the act, however, that require consideration, namely, the 6th and 7th. By the former of these it is provided that, “ if the plaintiff shall discontinue his suit, or become nonsuit, or where judgment shall be rendered against the plaintiff on demurrer, or he shall otherwise fail to prosecute his suit to final judgment, then, or in either case, the court shall, on application of the defendant or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the goods and chattels in controversy; and if the said jury shall be satisfied that said goods and chattels were the property of the defendant, at the commencement of the action, or if they shall find ■ only that the defendant was entitled to the possession of the goods and chattels, at the commencement of the action, then, and in *75 either ease, they shall assess such damages for the defendant as are-right and proper; for which, together with costs of suit, the court shall render judgment against the plaintiff.”
^Section 7 is as follows :
“ That in all cases, upon issue joined, where the jury shall find for the defendant, they shall also find whether the defendant had the right of property in the goods and chattels, or the right of possession only, at the commencement of suit; and if they shall find either in his favor, they shall assess such damages as they may think right and proper for the defendant, on which, with costs of suit, judgment shall be rendered by the court.”
It is contended that these sections show that the mere ownership-of the property, without the right of possession, constitutes a good defense, the jury being required to find whether the defendant has the right of property or the right of possession only,'and, in either case, to assess damages in his favor, for which judgment shall be rendered. But those who thus argue overlook the fact that no such assessment is to be made until the plaintiff has failed to maintain his suit. Section 6 provides for cases in which he discontinues, becomes nonsuit, has judgment against him upon demurrer, or otherwise fails to prosecute his suit to final judgment, in all which cases he, of course, fails to show that he is entitled to the possession. Section 7 relates to cases where the issue is found against him. But the issue necessarily involves the question whether he has a right to the possession; and that being found against him, the section then provides how the damages shall be assessed. It is in no wise inconsistent with this view that the jury are required to say whether the defendant has the right of property; for it being ascertained by the plaintiff’s discontinuance, nonsuit, the judgment against him upon demurrer, or his otherwise failing to prosecute his suit to effect, or by the direct finding' of the jury upon the issue, that he has no right to the possession of the goods, he stands in the light of a mere wrong-doer in suing" out the writ of replevin, and it is but just that if he has thus-wrongfully replevied the goods from the general owner, he shall be compelled to pay the value of the defendant’s interest in them, although the defendant may not *have the immediate right of possession. Thus, suppose that A, the owner of an article, hires it to B for three months, and within this period, and while B is-entitled to the possession, C, a stranger, having no right whatever,. *76 replevies the article from the general owner, A, in whose actual possession it happens to be found. Here C, having no title, must necessarily fail in his suit; hut, having obtained the property by the replevin, and the writ de retorno habendo being no longer in use in this state, it is clearly right that he should pay to A, the general ■owner, the value of the latter’s interest in the property; that is, the entire value of the property, less the value of B’s interest therein. And this works no injustice; for, by the replevy, what■ever right A had in the property is transferred to 0, the plaintiff in replevin, as was decided in Jennings v. Johnson, 17 Ohio, 155; the court there holding that “the bond takes the place of the property, to the extent of the interest of the defendant in replevin.” So, if the defendant has hut a special property, it is right that he should have judgment for its value; for, by the replevin, it is transferred to the plaintiff. Hence, in the case above mentioned, the property having been replevied out of the hands of a sheriff who held it upon execution, it was decided that if the value •of the property exceeded the amount due upon the execution, the measure of damages would be, not the full value of the property, but the amount so due, leaving the judgment debtor to recover of the plaintiff in replevin, by action of trespass or otherwise, the residue. For, as the replevin transferred only the special property, it left untouched the right of the judgment debtor, who was no party to that suit, to obtain satisfaction for his interest.
There is, therefore, nothing' in these two sections of the statute that militates against the view we have taken. They were not intended to prescribe what Bhould be a defense to the action, but •only to provide the rule of damages where the plaintiff fails to establish the right of possession, without which he can not recover. *Our attention is next called to the act of March 10, 1837 (Swan’s Stat. 787), by which the replevin act was amended. This amendment requires the person wishing a writ of replevin, to swear, .among other things, that the goods and chattels described in his precipe, were not taken by virtue 'of any writ of replevin issued against him. Hence it is argued that the special owner can not maintain replevin against the general owner ; for if he could, the latter could never get the property back after the special ownership had ceased, as ho could not swear that the property was not taken from him by virtue of a writ of replevin. To this proposition two answers may be given. First. That the original act did *77 not require the plaintiff to swear that the property had not been replevied from him. Until the taking effect, then, on June 1,1837, of the amendatory act, the objection now presented did not exist. But if. before that time, there was a right of action, that right yot subsists unless it is taken away by the amendment. There is nothing in the amendment that expressly takes it away, nor do we think it is extinguished by implication. Even were it admitted that the supposed defect of remedy exists, it would not follow that the right of action of the special owner is gone. For, although it would undoubtedly be a hardship and a wrong not to afford the general owner the means of recovering the possession of his property after the special ownership has ceased, it would, on the other-hand, be hard and unjust not to give the special owner a remedy to obtain the possession to which he is entitled. And if it be said that the special owner may have an action for damages, so may it be said, with equal truth, that the general owner may have the-same. For a recovery by a plaintiff in replevin only decides that he, at the commencement of the suit, had the right of possession. It is no bar to an action for damages by the general owner, if the sjDecial owner, after the expiration of his interest, refuse to surrender the property.
Secondly. The construction given by counsel to the amendatory act is too literal. The act is somewhat incautiously *drawn, but its object is easily perceived. Under the original act, A might to-day replevy property from B, and, to-morrów without any change having occurred in the rights of the parties, except that produced by the replevin itself, B might replevy it back. The next day A might again replevy, and the day after B might do the same, and so the parties might continue to replevy without end. To prevent this, the amendatory act was passed. But it never was designed to prevent B, the defendant, from having a writ of replevin upon a cause of action that accrued to him subsequent to the time when the property was replieved from him. The same act requires the-plaintiff to swear that the goods were not taken in execution upon any judgment against him. Hence, if we stick in the letter of the law, a judgment debtor whose chattels have been levied upon, has no means, to obtain their restoration, even though he fully pay off and discharge the execution the moment after the levy is made. And he would be equally remediless, although the judgment against him should be reversed and held for naught, while his property re *78 ■mained in the hands of the sheriff. The same wrong might occur wherever the property was taken for the payment of any tax, fine, or amercement against the plaintiff, or upon any mesne or final process against him, for he is required to swear that it was not so taken. He might pay the tax, fine, or amercement, or satisfy the claim upon which the process issued, and yet, upon this litoral construction, he would be without legal remedy to recover his property. Such never was the design of the assembly. It never was meant to make a man swear in the very terms of the act. If this were required, and the strictest literal construction were adopted, a man whose property had been levied upon, and afterward restored to him upon payment of his debt, could maintain no action of replevin forever afterward to recover it from any per son who might, however unlawfully, acquire the possession. No such absurdities wore intended. An affiant is not required to stick in the letter of the law. The design of the statute is, that a person shall not have the action to recover possession *of property that has been sold upon an execution against him, or for the payment of a tax, fine, or amercement assessed against him, or that is held upon any such execution, or for the payment of any such tax, fine, or amercement, or by virtue of any writ of replevin, or other mesne or final process, unless he has a subsequently acquired valid right to it. But if he can, in his affidavit, specially state, with truth, that, although his property was taken in one of the modes specified in the act, yet it is no longer, either immediately or mediately, held in virtue thereof, as, for instance, that although taken on an execution, the execution became a nullity, while the property remained unsold, by a reversal of the judgment, or by payment, or that, although attached, the attachment had been discharged before a sale, or that he has subsequently acquired a valid right to its possession, he may maintain the action against the person who unlawfully detains the property from him. So, where a person having a right to the possession of property for a limited period, recovers it, by replevin, from the general owner, the latter, after the period has •expired, may replevy it back, stating in his affidavit the facts specially, and thus showing that his cause of action accrued after the commencement of the first suit.
It follows from what has been said, that, in our judgment, the ■common pleas erred in sustaining the demurrer to the plaintiff’s .replication. That replication averred that, at the commencement *79 of the suit, the right of posession was in the plaintiff. If so, he was entitled to recover, and the demurrer should have been overruled. It also follows that the plea of jiroperty filed by the defendant, is insufficient. It neither directly, or even indirectly, denies the plaintiff’s right of possession, nor does it traverse the alleged unlawful detention, or set up any matter that is a bar to the suit. Every word of it may be true, and yet the plaintiff entitled to recover. Had it been demurred to, the demurrer to it should have been sustained. The .motion made to strike it out was not the proper mode to object to its insufficiency.
*1 have said nothing about the third and fourth assignments of error, as no bill of exceptions was taken. The other assignments are covered by what has been said. The judgment of the common picas must be reversed, and a writ of procedendo sent to that court, commanding it to proceed to trial and final judgment between the parties, in the original action, according to law.